UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA M. SMITH,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 14-cv-05189 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos. 12, 13, 14).

After considering and reviewing the record, the Court finds that the ALJ did not err in his step two and step three findings. Similarly, the ALJ did not err in his residual

functional capacity determination. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, DONNA M. SMITH, was born in 1966 and was 36 years old on the alleged date of disability onset of February 16, 2003 (*see* Tr. 196-97). Plaintiff has completed two years of college (Tr. 70). Plaintiff has work experience as a human resources assistant, collections assistant, and data entry operator (Tr. 231-34). She believes she lost her last job due to her depression (Tr. 83).

According to the ALJ, plaintiff has at least the severe impairments of "obesity, degenerative disc disease, migraines, and major depressive disorder (20 CFR 404.1520(c))" (Tr. 35).

At the time of the hearing, plaintiff was living with her husband and two children (Tr. 66, 72).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 119-29, 130-32). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on October 29, 2012 (*see* Tr. 57-105). On November 28, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 30-56).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the Commissioner erred in determining that plaintiff's chronic carpal tunnel syndrome was not a severe health impairment; (2) Whether or not the Commissioner erred in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, subpart P, Appendix 1§§ 1.04 and 12.04; and (3) Whether or not the Commissioner erred in determining plaintiff's residual functional capacity (*see* ECF No. 12, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether or not the Commissioner erred in determining that plaintiff's chronic carpal tunnel syndrome was not a severe health impairment?

At step two of the sequential evaluation the ALJ found plaintiff to have the severe impairments of "obesity, degenerative disc disease, migraines, and major depressive disorder" (Tr. 35). The ALJ found plaintiff's other impairments, including her mild carpal tunnel syndrome to be not severe because they

> have caused only transient and mild symptoms and limitations, are well controlled with treatment, did not persist for twelve continuous months, do not have greater than a minimal limitation on the claimant's physical or mental ability to perform

1     basic work activities, or are otherwise not adequately supported by the medical evidence of record

(Tr. 35-36).  The ALJ went on to note that plaintiff's mild carpal tunnel syndrome responded well to bracing treatments and that plaintiff's physical examinations and x-rays were unremarkable.  *Id*.  Plaintiff argues the ALJ erred by failing to find plaintiff's carpal tunnel syndrome to be a severe impairment at step two (ECF No. 12, pp. 5-6).  This Court disagrees.

    Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The Administrative Law Judge "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen, supra*, 80 F.3d at 1290 (citations omitted).  The step-two determination of whether or not a disability is severe is merely a threshold determination, raising potentially only a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)).

    An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and

remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims," when the disability evaluation process ends at step two. *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

In arguing that plaintiff's carpal tunnel syndrome was severe, plaintiff cited to only one page of the medical record prior to plaintiff's date last insured (ECF No. 12, pp. 5-6).  The record contained a bullet point list of plaintiff's medical problems one of which was "joint pain, localized in the wrist."  (Tr. 623).  The note provided no further information about the severity of the pain or the functional limitations that resulted from the pain.  The only other medical evidence that plaintiff cited was a diagnosis of carpal tunnel syndrome from July 26, 2012 (ECF No. 12, pp. 5-6 (citing Tr. 1329)).  Not only is this medical record dated four years after plaintiff's date last insured, it also fails to provide any information about the functional limitations caused by this impairment.  The plaintiff further cited to her own testimony as support of her argument.  However, the ALJ found this testimony to lack credibility, a finding plaintiff failed to challenge (Tr. 39).  The ALJ did not err in finding plaintiff's carpal tunnel syndrome to not be severe at step two.

>   (2)   Whether or not the Commissioner erred in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, subpart P, Appendix 1§§ 1.04 and 12.04?

At step three of the sequential evaluation the ALJ found plaintiff did not meet or medically equal the severity of any of the listed impairments (Tr. 36; 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings")).  The ALJ found that the medical records failed to show that plaintiff met listing 1.04 because there was no evidence of nerve root compression, positive straight leg raise, spinal arachnoiditis, or pseudoclaudication (Tr. 36).  The ALJ also found that plaintiff did not meet listing 12.04 because she had no restriction in her activities of daily living, mild difficulties with social functioning, moderate difficulties with concentration, persistence or pace, and no episodes of decompensation (Tr. 37).  Plaintiff argues the ALJ erred in failing to find that plaintiff met or equaled listings 1.04 or 12.04 (ECF No. 12, pp. 6-11).  This Court disagrees.

At step-three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment, the claimant will be considered disabled without considering age, education and work experience.  20 C.F.R. § 404.1520(d).  The claimant bears the burden of proof regarding whether or not she "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings").  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

A claimant must demonstrate that she medically equals each of the individual criteria for the particular Listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact, but must demonstrate that the impairment equals each criterion in the Listing. *Id.*

While plaintiff argues that she meets listing 1.04A, she admits that the evidence does not show positive straight leg raise testing, which is required to meet listing 1.04A (ECF No. 12, p. 7; 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings")). Plaintiff then argues the ALJ equals listing 1.04A (ECF No. 12, p. 7). However, plaintiff fails to cite to any evidence, beyond the diagnosis of myofascial pain syndrome and cervical myofascial pain, to support the conclusion that her impairments were equal in severity to listing 1.04A. *Id.* The ALJ did not err in determining that plaintiff did not meet or equal listing 1.04.

Plaintiff also argues that the ALJ erred in failing to find plaintiff met listing 12.04 (ECF No. 12, pp. 7-11). Plaintiff's argument amounts to a request for a more favorable weighing of the evidence. However, it is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).

1        Further, none of the evidence cited to by plaintiff would require the ALJ to find

2 that plaintiff had a listing level impairment.  In fact, one of the records cited to shows

3 plaintiff's doctor advised her to remain off work for only one month, which does not

4 demonstrate plaintiff had a disabling impairment for the requisite twelve month duration

5 (Tr. 480).  Plaintiff also pointed to her own testimony to support a finding of more severe

6 limitations in activities of daily living, social functioning, and concentration, persistence,

7 and pace.  However, as stated previously, the ALJ found plaintiff to lack credibility, a

8 finding that was not challenged by plaintiff.

9        In finding plaintiff to have no limitation in activities of daily living, the ALJ noted

10 that plaintiff was able to care for her children, perform household chores, cook meals and

11 go shopping (Tr. 37).  In finding plaintiff to have mild restriction in social functioning,

12 the ALJ noted that plaintiff failed to report relationship difficulties to her counselors and

13 that the record showed improvement with treatment (*Id.*).  Finally, in finding plaintiff to

14 have moderate restriction in concentration, persistence, and pace the ALJ noted the

15 record showed unremarkable mental status examinations and showed no deficits in

16 memory or concentration (*Id.*).  The ALJ's findings at step three were supported by

17 substantial evidence and are not grounds for reversal.

18        (3)    Whether or not the Commissioner erred in determining plaintiff's residual
               functional capacity ("RFC"),

19        Plaintiff argues the ALJ erred in his RFC finding by not including all of plaintiff's

20 functional limitations (ECF No. 12, pp. 11-12).  However, plaintiff's argument is based

21 on an assumption that the ALJ committed error in evaluating the evidence of record.  As

stated previously, plaintiff did not raise issue with the ALJ's assessment of plaintiff's credibility, and plaintiff has failed to show that the ALJ committed any error in evaluating the medical evidence.  As such, plaintiff has failed to show that the ALJ erred in his RFC finding.

<u>CONCLUSION</u>

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 4th day of September, 2014.

_____
J. Richard Creatura
United States Magistrate Judge